UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ibrahim M., | File No. 26-CV-206 (JMB/DLM) |
| Petitioner, | |
| v. | |
| David Isais, *in his official capacity as Jail Commander, Sherburne County Jail*; David Easterwood, *in his official capacity as Field Office Director, Fort Snelling (St. Paul) Field Office, U.S. Immigration and Customs Enforcement*; Todd M. Lyons, *in his official capacity as Acting Director, Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary, U.S. Department of Homeland Security*; Pamela Jo Bondi, *in her official capacity as Attorney General of the United States*; | ORDER |
| Respondents. | |

Mai Neng Moua, Mai N. Moua Law Office, Minneapolis, MN, for Ibrahim M.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents David Isais, David Easterwood, Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi.

This matter is before the Court on Petitioner Ibrahim M.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents David Isais, David Easterwood, Todd M. Lyons, Kristi Noem, and Pamela Jo

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Bondi (together, Respondents) do not oppose the Petition. For the reasons explained below, the Court grants the Petition in part and orders Ibrahim M.'s immediate release.

## FINDINGS OF FACT

1. Ibrahim M. is a citizen and native of the State of Palestine who entered the United States on December 16, 2014, after inspection with an F-1 student nonimmigrant visa. (Pet. ¶¶ 1, 16, 41–42.)

2. Ibrahim M. filed an Application for Asylum and for Withholding of Removal (Form I-589) with United States Citizenship and Immigration Services (USCIS), which remains pending. (Pet. ¶ 1, 43.) He has not been ordered removed and has been present in the United States while awaiting adjudication of his asylum application. (*Id.* ¶ 1.)

3. Respondents detained Ibrahim M. on or about December 26, 2025. (*Id.* ¶ 17, 44.) He is currently detained at Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶ 2, 45.)

4. Respondents have not issued or served any notices or charging documents to Ibrahim M. or filed such documents with the Immigration Court. (*Id.* ¶ 2, 46.)

5. On January 12, 2026, Ibrahim M. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Ibrahim M. seeks immediate release or a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 19.) Ibrahim M. also seeks a variety of additional relief from the Court, including a declaration that his current detention without issuance or lodging of a Notice to Appear, without removal proceedings, and without an individualized custody determination violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and the Suspension

Clause.  (*Id.*)  Ibrahim M. argues that his detention lacks a lawful basis and violates his due process rights because Respondents have not filed or lodged any charging document with the Immigration Court.  (*Id.* ¶¶ 2, 6–9, 46–47.)

6. On January 13, 2026, the Court ordered Respondents to file a response to the Petition by January 15, 2026, at 11:00 a.m.  (Doc. No. 3.)  That deadline has now passed, and Respondents did not timely file a response.

## DISCUSSION

Because Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed and therefore grants the Petition.  As a separate and independent basis for granting the Petition, the Court finds for Ibrahim M. on the merits as set forth below.

Respondents do not address whether they violated Ibrahim M.'s due process rights when they detained him on December 26, 2025.  Because Respondents in other cases continue to rely on an incorrect interpretation of sections 1225 and 1226, and because the portion of the Petition challenging Ibrahim M.'s arrest absent issuance of any charging documents is unopposed, the Court grants the Petition in part and orders immediate release.

### A.     Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2));

*Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The Constitution also guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also, e.g.*, *Trump v. J.G.G.*, 604 U. S. 670, 673 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))); *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

**B.    Interpretation of Section 1225**

In other cases, Respondents have argued that the detention of petitioners similarly situated to Ibrahim M. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has

4

previously concluded, however, Respondents' interpretation lacks merit.

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present

participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Ibrahim M. has been residing in the United States since 2014 and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice

of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

The fact that Ibrahim M. has applied for asylum does not change the conclusion. The definition of "admission" in this context means "the lawful *entry* of the noncitizen into the United States after inspection and authorization by an immigration officer." *Barco Mercado*, 2025 WL 3295903 at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)). Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis in original). Other courts have reached this same conclusion under similar facts. *E.g.*, *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

For these reasons, the Court finds that Ibrahim M.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention.

7

### C.  Independent Grounds for Relief

Separate and independent from the applicability of section 1226, Ibrahim M. also contends that the Due Process Clause compels immediate release. (Pet. ¶¶ 9.) Specifically, the Petition asserts that Respondents have detained Petitioner "without issuing, serving, or lodging an NTA under 8 U.S.C. § 1229(a), and without filing a charging document with the Immigration Court to commence proceedings under 8 U.S.C. § 1229a." (Pet. ¶ 53.) Respondents made no argument to the contrary, and the Court considers this portion of Ibrahim M.'s request unopposed.  Therefore, the Court grants the petition on this basis.[2]

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner Ibrahim M. from custody immediately, and in any event no later than 4:00 p.m. CST on January 16, 2026.

2. Within seven days of the date of this Order, counsel for Respondents is ORDERED to provide a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner was released from custody in accordance with this Order.

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 15, 2026                     /s/ *Jeffrey M. Bryan*
                                              Judge Jeffrey M. Bryan
                                              United States District Court

---

[2] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition.